**Slip Op. 14-76**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **ETHAN ALLEN GLOBAL, INC. and ETHAN ALLEN OPERATIONS, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES and UNITED STATES INTERNATIONAL TRADE COMMISSION,**<br><br>Defendants. | **Before:  Timothy C. Stanceu, Judge**<br><br>**Court No. 13-00183** |

**OPINION AND ORDER**

[Denying motion to stay]

Dated: June 27, 2014

*Jill A. Cramer*, *Kristin H. Mowry*, *Jeffrey S. Grimson*, *Sarah Wyss*, and *Rebecca M. Janz*, Mowry & Grimson, PLLC, of Washington, DC, for plaintiffs.

*Jessica R. Toplin*, Trial Attorney, and *Franklin E. White, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States.  With them on the brief were *Stuart F. Delery*, Assistant Attorney General, and *Jeanne E. Davidson*, Director.

*Neal J. Reynolds*, Assistant General Counsel for Litigation, and *Patrick V. Gallagher, Jr.*, Attorney-Advisor, Office of the General Counsel, U.S. International Trade Commission, of Washington, DC, for defendant U.S. International Trade Commission.  With them on the brief was *Dominic L. Bianchi*, General Counsel.

Stanceu, Judge: In this action, plaintiffs Ethan Allen Global, Inc. and Ethan Allen

Operations, Inc. (collectively, "Ethan Allen") challenge certain actions by the U.S. International

Trade Commission ("ITC" or the "Commission") and U.S. Customs and Border Protection

("Customs" or "CBP") that denied plaintiffs benefits under the now-repealed Continued

Dumping and Subsidy Offset Act of 2000 ("CDSOA" or "Byrd Amendment").[1] Specifically,

plaintiffs bring various statutory and as-applied constitutional challenges to the Commission's

determination not to include Ethan Allen on a list of parties potentially eligible for "affected

domestic producer" ("ADP") status under the CDSOA, which status could have qualified Ethan

Allen for distributions of funds collected under an antidumping duty order on imports of wooden

bedroom furniture from the People's Republic of China ("China"). Compl. ¶¶ 37-43, 51-54

(May 8, 2013), ECF No. 4. Plaintiffs also bring various statutory and as-applied constitutional

challenges to CBP's decision not to provide Ethan Allen with annual CDSOA distributions for

Fiscal Year 2011 and Fiscal Year 2012. *Id*. Additionally, plaintiffs bring facial challenges to

aspects of the CDSOA on First Amendment grounds. *Id.* at ¶¶ 44-50.

Plaintiffs request that the court stay these proceedings pending the final resolution of a

petition for a writ of certiorari seeking U.S. Supreme Court review of *Ashley Furniture Indus.,*

*Inc. v. United States*, 734 F.3d 1306 (Fed. Cir. 2013) ("*Ashley*"). Pl. Ethan Allen Global,

Inc./Ethan Allen Operations, Inc.'s Substitute Mot. to Continue the Stay of All Proceedings 1

(Mar. 14, 2014), ECF No. 21-1 ("Pls.' Stay Mot."). Plaintiffs initially filed a motion to stay

these proceedings until April 3, 2014, which was the *Ashley* appellants' deadline to file a petition

for a writ of certiorari. Mot. for Stay of Proceedings 1 (Feb. 19, 2014), ECF No. 17. Plaintiffs

seek to withdraw their earlier motion and ask for leave to file a substitute motion that requests a

stay pending the final resolution of the petition for certiorari. Pl. Ethan Allen Global, Inc./Ethan

Allen Operations, Inc.'s Mot. to Withdraw its Feb. 19, 2014 Mot. for Stay of Proceedings &

Mot. for Leave to File Substitute Mot. to Continue the Stay of All Proceedings 2

---

[1] Pub. L. No. 106-387, §§ 1001-03, 114 Stat. 1549, 1549A-72-75, 19 U.S.C. § 1675c
(2000), *repealed by* Deficit Reduction Act of 2005, Pub. L. 109-171, § 7601(a), 120 Stat. 4, 154
(Feb. 8, 2006; effective Oct. 1, 2007).

(Mar. 14, 2014), ECF No. 21.  Defendants United States and the ITC oppose both motions.

Defs.' Resp. in Opp'n to Pls.' Mot. to Stay 1 (Mar. 4, 2014), ECF No. 18; Defs.' Resp. in Opp'n

to Pls.' Mot. to Withdraw its Mot. to Stay & Mot. for Leave to File Substitute Mot. to Continue

the Stay 1 (Mar. 28, 2014), ECF No. 22.

As a preliminary matter, the court grants plaintiffs' request to withdraw its earlier motion

to stay these proceedings and file a substitute motion.  For the reasons discussed herein, the court

denies plaintiffs' substitute motion to stay these proceedings.

## I. BACKGROUND

In 2003, the ITC initiated an investigation to determine whether imports of wooden

bedroom furniture from China were causing or threatening to cause material injury to a domestic

industry.  *See* Compl. ¶¶ 20-21.  During this investigation, the ITC distributed questionnaires to

potential ADPs, including Ethan Allen.  *See id.* at ¶ 22.  In its questionnaire responses,  Ethan

Allen indicated that it took no position on  the petition that resulted in the antidumping duty

order on imports of wooden bedroom furniture from China.[2]  *Id.*  Subsequently, the ITC

excluded Ethan Allen from the list of ADP's potentially eligible for CDSOA distributions under

the order.  *See id.* at ¶ 27.  On July 20, 2011, Ethan Allen filed a certification with Customs

requesting CDSOA distributions for Fiscal Year 2011, which Customs subsequently denied.  *Id.*

at ¶ 32.  On June 27, 2012, Ethan Allen filed another certification with Customs, this time

requesting CDSOA distributions for Fiscal Year 2012, which Customs also denied.  *Id.* at ¶ 33.

Plaintiffs commenced this action on May 8, 2013.  Summons, ECF No. 1; Compl.  On

May 22, 2013, the court granted defendants' unopposed motion to stay these proceedings

---

[2] *See Notice of Amended Final Determination of Sales at Less Than Fair Value & Antidumping Duty Order: Wooden Bedroom Furniture From the People's Republic of China*, 70 Fed. Reg. 329 (Dep't of Commerce Jan. 4, 2005).

pending issuance of a mandate by the U.S. Court of Appeals for the Federal Circuit ("Court of

Appeals") in *Ethan Allen Global, Inc. v. United States*, CAFC Court No. 2012-1200.  Order,

ECF No. 12.  That case concerned an appeal of this Court's decision in *Ethan Allen Global, Inc.*

*v. United States*, 36 CIT __, 816 F. Supp. 2d 1330 (2012) ("*Ethan Allen*"), in which this Court

dismissed Ethan Allen's claims challenging the denial of CDSOA distributions for Fiscal

Year 2006 through Fiscal Year 2010.  On August 19, 2013, the Court of Appeals decided *Ashley*,

a consolidated opinion affirming the judgments entered in *Ethan Allen* and in *Ashley Furniture*

*Indus., Inc. v. United States*, 36 CIT __, 818 F. Supp. 2d 1355, both of which involved claims

similar to those brought by plaintiffs in the instant action.  *Ashley*, 734 F.3d at 1306.  After

denying petitions for rehearing and rehearing en banc, the Court of Appeals issued its mandate in

*Ashley* on January 10, 2014.  On May 2, 2014, the *Ashley* appellants filed a petition for a writ of

certiorari seeking Supreme Court review of the decision by the Court of Appeals in *Ashley*.  *See*

Pet. for a Writ of Certiorari, U.S. Sup. Ct. Docket No. 13-1367.

## II.  DISCUSSION

The court has jurisdiction over this matter pursuant to section 201 of the Customs Courts

Act of 1980, 28 U.S.C. § 1581(i)(4) (2006).  The power to stay a case "is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*,

299 U.S. 248, 254 (1936) ("*Landis*").  Decisions concerning when and how to stay a case rest

"within the sound discretion of the trial court."  *Cherokee Nation of Okla. v. United States*,

124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted).  In exercising that discretion, the court

must "weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 257.

Plaintiffs have failed to demonstrate that the circumstances of these proceedings weigh in favor of a stay.  Plaintiffs contend that a stay is warranted in this instance because, in plaintiffs' view, the outcome of the *Ashley* appellants' petition for a writ of certiorari "will have a direct impact" on these proceedings.  Pls.' Stay Mot. 2.  This is because, according to plaintiffs, "the factual and legal issues underlying the above-captioned case are substantially similar" to those in *Ashley*.  *Id.*

Plaintiffs' argument that the petition "will have a direct impact" on the instant case is mere speculation.  The court can have no assurance that the Supreme Court is likely to grant the *Ashley* appellants' petition.  Plaintiffs, therefore, have not shown that a stay of this action would promote judicial economy and efficiency rather than simply cause delay.

### III.  CONCLUSION AND ORDER

Upon consideration of all papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiffs' motion to withdraw its February 19, 2014 motion and file a substitute motion to stay further proceedings in this action be, and hereby is, granted; and it is further

**ORDERED** that plaintiffs' March 14, 2014 substitute motion to stay further proceedings in this action be, and hereby is, denied.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: June 27, 2014
       New York, New York