Slip Op. 14-161

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ETHAN ALLEN GLOBAL, INC. and ETHAN ALLEN OPERATIONS, INC.**, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES and UNITED STATES INTERNATIONAL TRADE COMMISSION**, <br><br> Defendants. | **Before: Timothy C. Stanceu, Chief Judge** <br><br> **Court No. 13-00183** |

**OPINION**

[Dismissing an action for failure to state a claim upon which relief can be granted in an action seeking distributions under the Continued Dumping and Subsidy Offset Act of 2000]

Dated: December 31, 2014

*Jill A. Cramer*, *Kristin H. Mowry*, *Jeffrey S. Grimson*, *Sarah Wyss*, and *Daniel R. Wilson*, Mowry & Grimson, PLLC, of Washington, DC, for plaintiffs Ethan Allen Global, Inc. and Ethan Allen Operations, Inc.

*Franklin E. White, Jr*., Assistant Director, *Martin M. Tomlinson*, Trial Attorney, *Jeanne E. Davidson*, Director, and *Joyce R. Branda*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States.

*Robin L. Turner*, Acting Assistant General Counsel for Litigation, *Patrick V. Gallagher, Jr.*, Attorney-Advisor, and *Dominic L. Bianchi*, General Counsel, Office of the General Counsel, U.S. International Trade Commission, of Washington, DC, for defendant U.S. International Trade Commission.

Stanceu, Chief Judge: This case arose from the actions of two agencies, the U.S. International Trade Commission (the "Commission" or "ITC") and U.S. Customs and Border Protection ("Customs" or "CBP"), that denied plaintiffs Ethan Allen Global, Inc. and Ethan Allen Operations, Inc. (collectively, "Ethan Allen") certain monetary benefits under the

now-repealed Continued Dumping and Subsidy Offset Act of 2000 (the "CDSOA" or "Byrd Amendment"), §§ 1001-03, 114 Stat. 1549, 19 U.S.C. § 1675c (2000) (repealed 2006, effective 2007). Compl. ¶¶ 1, 27-34 (May 8, 2013), ECF No. 4 ("Compl."). The ITC determined that Ethan Allen did not qualify for "affected domestic producer" ("ADP") status, which would have made Ethan Allen eligible to receive distributions of duties collected under an antidumping duty order on wooden bedroom furniture from the People's Republic of China ("PRC" or "China") because Ethan Allen, in responding to an ITC questionnaire, stated that it took no position on the petition that resulted in the order. Compl. ¶¶ 22, 27, 28. Customs made no CDSOA distributions to Ethan Allen for Fiscal Years 2011 and 2012. Compl. ¶¶ 32-33.

Plaintiffs brought this case alleging various facial and as-applied constitutional challenges to the CDSOA and claiming that the actions by the ITC and Customs violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 (2006). Compl. ¶¶ 37-55. Plaintiffs seek declaratory and injunctive relief to establish Ethan Allen as eligible for a distribution of antidumping duties collected on the relevant order for Fiscal Years 2011 and 2012, as well as for future distributions under the CDSOA, and mandating the distribution of Ethan Allen's pro rata share of such distributions. Compl. ¶ 1, Prayer for Relief (1), (2). Plaintiffs also seek declaratory relief "that the conduct of CBP and the ITC in limiting eligibility for disbursement of funds to those ADPs that expressed supported for antidumping petitions and denying eligibility to those ADPs that supported the Petition through their conduct is unlawful, arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and in violation of Ethan Allen's constitutional rights." Compl. ¶ 1, Prayer for Relief (4). Finally, plaintiffs seek damages as a result of being excluded from past and current CDSOA distributions and reasonable attorney's fees and costs. Compl. ¶ 1, Prayer for Relief (3), (5).

Before the court is defendants' motion to dismiss under USCIT Rule 12(b)(5) for failure to state a claim upon which relief can be granted. Defs.' Mot. to Dismiss (Apr. 24, 2014), ECF No. 23 ("Defs.' Mot."). The court determines that no relief is available on any of plaintiffs' claims and will enter judgment dismissing this action.

## I. BACKGROUND

Background on this action is provided in the court's prior opinion, *Ethan Allen Global, Inc. v. United States*, 38 CIT __, Slip Op. 14-76 (June 27, 2014) ("*Ethan Allen I*") (denying motion to stay), and is supplemented herein.

### A. The CDSOA

The CDSOA amended the Tariff Act of 1930 ("Tariff Act") by establishing an annual distribution of assessed antidumping and countervailing duties to eligible ADPs as reimbursement for qualifying expenses. 19 U.S.C. § 1675c(a)-(d) (2000). ADP status is limited to petitioners and interested parties, *id.* § 1675c(b)(1), that indicated support for the petition that gave rise to the pertinent antidumping or countervailing duty order "by letter or through questionnaire response," *id.* § 1675c(d)(1). Under the CDSOA, within sixty days after the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") issued an antidumping order, the ITC would forward to Customs a list of ADPs potentially eligible for CDSOA distributions of duties collected under that order and Customs would publish that list in the Federal Register. *Id.* § 1675c(d)(1). Customs was then responsible for making the annual distributions to qualifying ADPs that file certifications with Customs. *Id.* § 1675c(d)(3), (e).

B.  Administrative Actions at Issue

In 2003, the ITC commenced an investigation to determine whether imports of wooden bedroom furniture from the People's Republic of China ("China") were causing or threatening to cause material injury to the domestic industry.  *Initiation of Antidumping Duty Investigation: Wooden Bedroom Furniture from the People's Republic of China*, 68 Fed. Reg. 70,228 (Int'l Trade Comm'n Dec. 17, 2003).  Ethan Allen domestically manufactures and distributes wooden bedroom furniture.  Compl. ¶ 2.  In response to an ITC questionnaire issued during this investigation, Ethan Allen stated that it took no position on the petition that triggered the investigation.  Compl. ¶ 22.  In 2005, Commerce issued an antidumping duty order on imports of wooden bedroom furniture from China.  *Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Wooden Bedroom Furniture From the People's Republic of China*, 70 Fed. Reg. 329 (Int'l Trade Admin. Jan. 4, 2005).

For Fiscal Years 2011 and 2012, Customs published individual lists of ADPs that the ITC determined were potentially eligible for CDSOA distributions and did not include Ethan Allen on either list.  *Distribution of Continued Dumping and Subsidy Offset to Affected Domestic Producers*, 76 Fed. Reg. 31,020 (Dep't of Homeland Sec. May 27, 2011) (concerning Fiscal Year 2011); *Distribution of Continued Dumping and Subsidy Offset to Affected Domestic Producers*, 77 Fed. Reg. 32,718 (Dep't of Homeland Sec. June 1, 2012) (concerning Fiscal Year 2012).  On July 20, 2011, Ethan Allen filed a certification with Customs requesting CDSOA distributions for Fiscal Year 2011.  Compl. ¶ 32.  On June 27, 2012, Ethan Allen filed another certification with Customs, this time requesting CDSOA distributions for Fiscal Year 2012.  Compl. ¶ 33.  Customs did not grant Ethan Allen CDSOA distributions for either Fiscal Years 2011 or 2012.  Compl. ¶¶ 32, 33.

C.  Procedural History

Plaintiffs commenced this action on May 8, 2013.  Summons, ECF No. 1; Compl. Defendants filed a motion to dismiss the action on April 24, 2014.  Defs.' Mot. 1.  Plaintiffs filed a response to defendants' motion on June 2, 2014,[1] Pl. Ethan Allen Global. Inc. & Ethan Allen Operations, Inc.'s Resp. to Defs.' Mot. to Dismiss, ECF No. 24, and defendants filed a reply in support of the motion on August 22, 2014, Defs.' Reply in Supp. of Mot. to Dismiss, ECF No. 37.  On June 17, 2014, the court denied a motion by plaintiffs to stay this action pending final resolution of a petition for a writ of certiorari to the U.S. Supreme Court in a case concerning the denial of Ethan Allen's CDSOA distribution requests for Fiscal Years 2006 through 2010.  *Ethan Allen I*, 38 CIT at __, Slip Op. 14-76 at 4-5.  Defendants filed a status report on October 20, 2014, following the U.S. Supreme Court's denial of the petition for a writ of certiorari that was the subject of plaintiffs' motion to stay.  Defs. United States & U.S. Customs & Border Prot.'s Status Report, ECF No. 39; *see Ashley Furniture Indus., Inc., et al. v. United States*, 135 S. Ct. 72 (2014) (denying certiorari).

## II.  DISCUSSION

The court exercises jurisdiction over this matter pursuant to section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(i) (2006), which grants this Court exclusive jurisdiction over various civil actions not falling under the jurisdictional grants of subsections (a)-(h) of section 201 but that arise out of a law of the United States, such as the CDSOA, that provides for the administration of duties (including antidumping duties) on the importation of merchandise.

---

[1] Plaintiffs' response to defendants' motion to dismiss asserts only that the court should deny defendants' motion and reiterates its position that the court should stay this case pending the U.S. Supreme Court's consideration of a writ of certiorari, a request the court denied.  Pl. Ethan Allen Global. Inc. & Ethan Allen Operations, Inc.'s Resp. to Defs.' Mot. to Dismiss 1-2 (June 2, 2014), ECF No. 24.

"[A] judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*") (citations omitted). However, a complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679.

In Counts One and Two of the complaint, plaintiffs challenge the CDSOA, both facially and as applied to Ethan Allen, on First Amendment grounds. Compl. ¶¶ 37–50. In Count Three, plaintiffs claim that the actions of the ITC and Customs violate the APA and Ethan Allen's constitutional rights. Compl. ¶¶ 51-54.

### A.  No Relief Can be Granted on Plaintiffs' Constitutional Challenges

Counts One and Two of plaintiffs' complaint bring several constitutional challenges grounded in the First Amendment guarantees of free speech and belief and the right to petition the government for redress of grievances. Compl. ¶¶ 37-50; *see* U.S. Const. amend. I ("Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."). In Count Three, plaintiffs allege that the agencies' actions "violate[] Ethan Allen's constitutional rights," Compl. ¶ 53, but offer no additional constitutional grounds on which the court may evaluate plaintiffs' claims. *See* Compl. ¶¶ 51-54.

In Count One, plaintiffs bring various as-applied challenges to the CDSOA under the First Amendment. Compl. ¶ 37-43. Plaintiffs claim specifically that the CDSOA unlawfully

discriminates against those, such as Ethan Allen, who did not express support for the antidumping petition. Compl. ¶ 39. They claim, further, that such an application of the CDSOA is overbroad and not narrowly tailored to achieve a compelling government objective. Compl. ¶ 40. Plaintiffs claim, further, that the CDSOA as applied to Ethan Allen impermissibly compels speech by requiring manufacturers such as plaintiffs to articulate support for a specific policy, Compl. ¶ 41, and imposes viewpoint discrimination in a designated public form for political speech in a way that is not narrowly drawn to any compelling state interest. Compl. ¶ 42.

Plaintiffs bring, in Count Two, various facial challenges to the CDSOA under the First Amendment. Compl. ¶¶ 44-50. Plaintiffs claim specifically that the CDSOA engages in impermissible viewpoint discrimination and conditions a government benefit on the content of political speech, i.e., expression of support for an antidumping petition. Compl. ¶ 46. They claim, further, that the CDSOA is overbroad and not narrowly tailored to achieve a compelling government objective, Compl. ¶ 47, and that the statute imposes an unconstitutional condition on the receipt of a government benefit by requiring domestic manufacturers to articulate support for a particular policy in a designated public forum for political speech, Compl. ¶¶ 48–49.

The court concludes that plaintiffs' constitutional challenges are foreclosed by binding precedent and, therefore, must be dismissed. In *Ashley Furniture Industries, Inc.*, 734 F.3d 1306 (Fed. Cir. 2013) ("*Ashley*"), the U.S. Court of Appeals for the Federal Circuit ("Court of Appeals") denied the relief requested on First Amendment grounds in a joint decision addressing the appeals of two related decisions of this Court. One of the decisions on appeal was *Ethan Allen Global Inc. v. United States*, 36 CIT __, 816 F. Supp. 2d 1330 (2012) ("*Ethan Allen*"), in which Ethan Allen challenged the ITC's refusal to designate Ethan Allen as an ADP and CBP's refusal to disburse to Ethan Allen funds collected under the relevant antidumping order, but with

respect to CDSOA distributions for Fiscal Years 2006 through 2010. *Id.* at __, 816 F. Supp. 2d at 1333. In *Ashley*, the Court of Appeals rejected both Ethan Allen's facial and as-applied challenges under the First Amendment, which were brought on nearly identical grounds to the challenges Ethan Allen now brings. The Court of Appeals stated that "the government did not deny Byrd Amendment distributions to Appellants solely on the basis of abstract expression," *Ashley*, 734 F.3d at 1310, and that Ethan Allen's facial First Amendment challenges in that case were precluded by the holding in *SKF USA, Inc. v. U.S. Customs & Border Prot.*, 556 F.3d 1337, 1382 (Fed. Cir. 2009) ("*SKF*"), *cert. denied*, 130 S. Ct. 3273 (2010). *See Ashley*, 734 F.3d at 1310 ("We are bound to follow this precedent and are not free to revisit the First Amendment arguments that were before the *SKF* panel."). In *SKF*, the Court of Appeals held broadly that the CDSOA is "valid under the First Amendment" because it "is within the constitutional power of Congress to enact, furthers the government's substantial interest in enforcing the trade laws, and is not overly broad." *SKF*, 556 F.3d at 1360.

In summary, plaintiffs have failed to allege facts sufficient to demonstrate that its constitutional claims are not foreclosed by the binding precedents of *Ashley* and *SKF*. As to these claims, therefore, the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 662, 129 S. Ct. 1937 (citation omitted). The court must dismiss these claims pursuant to defendants' motion under USCIT Rule 12(b)(5).

B. No Relief Can be Granted on Plaintiffs' Statutory Challenges

Plaintiffs' complaint alleges that the actions of the ITC and Customs violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and that the conduct of the two agencies was "arbitrary, capricious, and an abuse of discretion." *Id.* ¶¶ 51-54. Specifically, plaintiffs

allege that the agencies "inappropriately treated similarly-situated domestic producers differently, without any rational basis for doing so," and unlawfully "limit[ed] the definition of Affected Domestic Producer to include only those domestic producers who supported the Petition by their conduct and expressed support for the petition, while excluding from this definition those domestic producer who likewise supported the Petition by their conduct but did not express support for the petition." *Id.* ¶ 53. Relying on a decision of the Court of Appeals, plaintiffs assert that such an interpretation conflicts with the purpose of the CDSOA, which, according to plaintiffs, is "to reward domestic producers who support the Petition through their conduct." *Id.* (citing *PS Chez Sidney, L.L.C. v. U.S. Int'l Trade Comm'n*, 684 F.3d 1374, 1382 (Fed. Cir. 2012) ("*PS Chez Sidney*")).

The court concludes that, on the facts as pled in the complaint, no relief can be granted on plaintiffs' statutory claims. The CDSOA provision relevant to these claims is the directive that the ITC, in providing its list of ADPs to Customs, include "a list of persons that *indicate support of the petition* by letter or through questionnaire response." 19 U.S.C. § 1675c(d)(1) (emphasis added). Plaintiffs admit that in its questionnaire responses, "Ethan Allen took no position on the petition . . . ." Compl. ¶ 22. The court must dismiss plaintiffs' statutory claims that the actions by the two agencies violated the APA because plaintiffs have admitted that Ethan Allen did not support the petition in its questionnaire response—a fact disqualifying Ethan Allen from receiving CDSOA distributions under the plain meaning of the statute—and present no other facts from which the court could reach a conclusion that the agencies' actions must be set aside.

Plaintiffs' contention that the purpose of the CDSOA is "to reward domestic producers who support the Petition through their conduct," Compl. ¶ 53, does not save plaintiffs' statutory claims. In neither *SKF* nor *PS Chez Sidney* did the Court of Appeals construe the CDSOA such

Case 1:13-cv-00183-TCS   Document 41   Filed 12/31/14   Page 10 of 11
Court No. 13-00183                                                                                                      Page 10

that a domestic producer may take no position on a petition in its ITC questionnaire responses and still be eligible to receive CDSOA distributions. To the contrary, the Court of Appeals in *SKF* reasoned that in enacting the petition support requirement, Congress had permissibly, and rationally, concluded that those who did not support a petition through a letter or questionnaire response should not be rewarded. *SKF*, 556 F.3d at 1357, 1359 ("At best the role of parties opposing (or not supporting) the petition in responding to questionnaires is similar to the role of opposing or neutral parties in litigation who must reluctantly respond to interrogatories or other discovery. . . . It was thus rational for Congress to conclude that those who did not support the petition should not be rewarded."). The Court of Appeals' decision in *PS Chez Sidney* is not applicable to this action because it concerned a different factual pattern from the instant case. The party in *PS Chez Sidney* checked a box in one questionnaire indicating its support for the petition and indicated that it took no position in a subsequent questionnaire. *PS Chez Sidney*, 684 F.3d at 1377. The holding in *PS Chez Sidney* did not qualify the holding in *SKF* to the benefit of parties that did not take a position in support of the petition. *Id.*, 684 F.3d at 1381.

In *Ashley*, the Court of Appeals explained that "under the plain meaning of the Byrd Amendment . . . [i]t is not enough . . . merely to supply the answers to the questionnaires," *Ashley*, 734 F.3d at 1311, because "[t]he plain language of the statute requires 'support of the petition' in order to obtain a distribution," *id.* (citing 19 U.S.C. § 1675c(b)(1)(A)), and "[a] producer meets that requirement when it 'indicate[s] support . . . by letter or through questionnaire response,'" *id.* (citing 19 U.S.C. § 1675c(d)(1)). Referring to the same questionnaire responses at issue here, the Court of Appeals stated that "[t]he conclusion that a producer who indicates that it 'takes no position' in a questionnaire is a supporter is [] incongruous [with the plain language of the statute] because such a producer has not 'indicated

support.'"  *Ashley*, 734 F.3d at 1311; *see also* Compl. ¶ 22 ("Ethan Allen took no position on the petition . . . ."). Plaintiffs fail to plead any facts that would allow the court to distinguish the application of the CDSOA to Ethan Allen in this case from its application to Ethan Allen in *Ashley*.  Ethan Allen's expression that it took no position on the antidumping duty petition did not satisfy the plain meaning of the statute and properly resulted in Ethan Allen's disqualification from receiving distributions under the CDSOA.

Because the statute precludes ADP status to parties that did not support the petition through letter or questionnaire response, plaintiffs can receive no relief on their statutory claims on the facts pled and the court, therefore, must dismiss these claims pursuant to USCIT Rule 12(b)(5).

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss this case under USCIT Rule 12(b)(5) for failure to state a claim must be granted.  The court will enter judgment dismissing this action.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated:  December 31, 2014
        New York, NY